IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| JOHN D. LARSON, | : | 1:16-cv-2064 |
| Plaintiff, | : | |
| | : | |
| v. | : | Hon. John E. Jones III |
| | : | |
| SUPERINTENDENT GARMAN, | : | Hon. Susan E. Schwab |
| *et al.*, | : | |
| Defendants. | : | |

## ORDER

**March 12, 2019**

**AND NOW**, upon consideration of the Report and Recommendation (Doc. 9) of Chief United States Magistrate Judge Susan E. Schwab recommending that this matter be dismissed pursuant to Fed. R. Civ. P. 41(b) for the Plaintiff's failure to prosecute this action,[1] and noting that no parties have filed objections to the R&R, and further noting that there is no clear error on the record,[2] *see Nara v.*

---

[1] The copy of the Magistrate Judge's report that was mailed to Plaintiff was returned to the Clerk of Court by the United States Post Office as "Undeliverable." (Doc. 62). Plaintiff has further failed to respond to the pending motions for summary judgment or the Magistrate Judge's show cause order filed on November 16, 2018, which was also returned to the Clerk as "Undeliverable". (Docs. 58 and 59).

[2] When parties fail to file timely objections to a magistrate judge's report and recommendation, the Federal Magistrates Act does not require a district court to review the report before accepting it. *Thomas v. Arn*, 474 U.S. 140, 149 (1985). As a matter of good practice, however, the Third Circuit expects courts to "afford some level of review to dispositive legal issues raised by the report." *Henderson v. Carlson*, 812 F.2d 874, 878 (3d Cir. 1987). The advisory committee notes to Rule 72(b) of the Federal Rules of Civil Procedure indicate that "[w]hen no timely objection is filed, the court need only satisfy itself that there is no clear error on the face of the record in order to accept the recommendation." FED. R. CIV. P. 72(b), advisory committee notes; *see also Henderson*, 812 F.2d at 878-79 (stating that "the failure of a party to object to a magistrate's

1

*Frank*, 488 F.3d 187, 194 (3d Cir. 2007) (explaining that "failing to timely object to [a report and recommendation] in a civil proceeding may result in forfeiture of *de novo* review at the district court level") and the Court finding Judge Schwab's analysis to be thorough, well-reasoned, and fully supported by the record **IT IS HEREBY ORDERED THAT:**

1. The Report and Recommendation (Doc. 61) of Magistrate Judge Schwab is **ADOPTED** in its entirety.

2. This matter is **DISMISSED** for Plaintiff's failure to prosecute pursuant to Fed. R. Civ. P. 41(b).

3. The pending Motions for Summary Judgment (Doc. 50 and 55) are **DISMISSED**.

4. The Clerk of Court is directed to **CLOSE** the file on this case.

s/ John E. Jones III  
John E. Jones III  
United States District Judge

---

legal conclusions may result in the loss of the right to de novo review in the district court"); *Tice v. Wilson*, 425 F. Supp. 2d 676, 680 (W.D. Pa. 2006) (holding that the court's review is conducted under the "plain error" standard); *Cruz v. Chater*, 990 F. Supp. 375-78 (M.D. Pa. 1998) (holding that the court's review is limited to ascertaining whether there is "clear error on the face of the record"); *Oldrati v. Apfel*, 33 F. Supp. 2d 397, 399 (E.D. Pa. 1998) (holding that the court will review the report and recommendation for "clear error"). The Court has reviewed the magistrate judge's report and recommendation in accordance with this Third Circuit directive.